**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Gregory Stamper**,<br><br>                    Plaintiff,<br><br>vs.<br><br>**Freebird Logistics, Inc.,** an Arizona corporation, **Jeffrey Larsen and Jane Doe Larsen**, a married couple, and **Kurt Larsen and Jane Doe Larsen II**<br><br>                    Defendants. | No. 2:22-cv-00155-MTL<br><br>**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff Gregory Stamper respectfully requests that the Court enter judgment by default against Defendants Freebird Logistics, Inc. and Jeffrey Larsen (collectively "Defendants").

**I.      Procedural History.**

Plaintiff filed his Complaint seeking unpaid minimum wages and overtime under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA")

-1-

against Defendants on January 27, 2022. (Doc. 1). Jeffrey Larsen was served for himself and Defendant Freebird Logistics, Inc. on February 9, 2022. (Docs. 6-7). Defendants Jeffrey Larsen advised the process server that he was unmarried at that time. (Doc. 8). Defendants' Answers were due on March 02, 2022. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of the Court entered default against Defendants on March 10, 2022. (Doc. 10). Plaintiff now seeks default judgment against Defendants. In support of this request, Plaintiff relies upon the record in this case and his declaration submitted (attached as "**Exhibit A**").

## II.     Legal Standard

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the

Court can properly rely on declarations submitted by the Plaintiff.  Fed. R. Civ. P 55(b)(2).

**III.    Argument**

    **A.    Plaintiff has Met the *Eitel* Factors**

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment.  Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

        **1.    Possibility of Prejudice to the Plaintiff.**

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered.  *Id*.  Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery.  *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint.  Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter.  This factor weighs heavily in favor of default judgment.

        **2.    The Merits of the Claim and the Sufficiency of the Complaint**

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys.*, 826 F.2d at 917-918.

### 3. The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176. Plaintiff worked for Defendants for approximately 8 days over two weeks earning $200 per day. Ex. A, at ¶¶ 6-8. Over the course of his employment, Plaintiff worked a total of approximately 96 hours. *Id.*, at ¶ 6. The first week Plaintiff worked 72 hours, which includes 32 hours of overtime. *Id.*, at ¶ 9. The second week Plaintiff worked approximately 24 hours. *Id.*, at ¶ 10.

In Exhibit A, Plaintiff provides a damage calculation. Plaintiff worked approximately 96 hours during his employment but was not compensated any wages whatsoever. *Id.*, at ¶ 11. The damage calculation shows that Plaintiff is owed $1,866.72 in unliquidated damages. Defendants have had ample time to plead in response to the allegations in the Complaint and still has not pleaded.

### 4. The Possibility of Dispute Concerning Material Facts

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No.

-4-

08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009).  The fifth *Eitel* factor weighs in favor of default.

### 5. Whether Default was Due to Excusable Neglect

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect.  *Eitel*, at 1471-72.  The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987).

Here, Defendants have actual notice of the filing of the action.  Plaintiff served Defendant Jeffrey Larsen personally for himself and for Defendant Freebird Logistics, Inc. (Docs. 6-7).  Because Defendants had knowledge of the matter and because Defendants were served personally, Defendants have actual knowledge of the action and the default was not due to excusable neglect.  In addition, on February 28, 2022, Defendants Jeffrey Larsen sent Plaintiff a text message not only acknowledging his receipt of the lawsuit but acknowledging that he did not pay Plaintiff. *See* Text message from Jeffrey Larsen to Gregory Stamper, attached hereto as "**Exhibit B**."

### 6. The Policy Favoring a Decision on the Merits

The final *Eitel* factor considers the preference for deciding cases on the merits.  However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004).  Courts have concluded that "this factor does not weigh very heavily." *Id*.

As shown above, Defendants have been aware of the lawsuit since being served with it on February 9, 2022. They have purposefully evaded responding to it. Defendants have had ample time to answer or otherwise respond. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against Defendants Freebird Logistics, Inc. and Jeffrey Larsen.

**B.      The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc.* No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013). Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

This means that Plaintiff's federal minimum wage damages of $696.00 ($7.25 * 96) must be doubled to a total of $1,392.00. In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G). This means that Plaintiff's Arizona minimum wage damages of $1,166.40 ($12.15 * 96) must be trebled to a total of $3,499.20.

Because this amount engulfs Plaintiff's federal minimum wage damages, $3,499.20 is the appropriate total minimum wage award.

In addition, the AWA requires all unpaid wages damages be trebled; specifically, "if an employer…fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355. This means that Plaintiff's total unpaid wages of $1,600.00 ($200 per day * 8 days worked) must be trebled for a total of $4,800.00.

In addition to unpaid minimum wages and wages under Arizona law, Plaintiff is owed unpaid overtime for 32 hours during his first week of work. Overtime is paid at one and one-half times Plaintiff's regular rate of pay. 29 U.S.C. § 207(a). Based on Plaintiff's rate of pay of $200 per day, his regular rate is $16.67 per hour ($200 per day/12 hours per day). Plaintiff is therefore owed $266.72 ($16.67 * 32 hours * .5)[1] in unpaid overtime premiums, which must be doubled to $533.44.

As such, Plaintiff's total damages are $5,333.44, which consists of the trebled unpaid wags of $4,800.00 plus the doubled unpaid overtime wages of $533.44. Considering the foregoing, Plaintiff should be awarded total damages in the amount of $5,333.44, exclusive of attorneys' fees and costs, which both the FLSA and AMWA require. 29 U.S.C. § 216(b); *see also* A.R.S. § 23-364.

**C.     Plaintiff is Entitled to Recover Attorneys' Fees and Costs**

---

[1] Plaintiff's unpaid wage damages account for the straight time portion of the damages for hours worked over 40 in a week. Therefore, the overtime damages represent the unpaid additional half time rate.

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013). If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to her attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

**IV.     Conclusion**

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, individually and collectively, in the amount of $5,333.44.

Plaintiff further requests that the Court allow him to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED this 18th Day of March 2022.

                                  BENDAU & BENDAU PLLC

                                  /s/    *Christopher J. Bendau*
                                Clifford P. Bendau, II
                                Christopher J. Bendau
                                Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th Day of March, 2022, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system.  A copy of the foregoing was also sent via First Class Mail to the following:

>Freebird Logistics, Inc., via
>Jeffrey K. Larsen, its
>Registered Statutory Agent
>5011 E. Bluefield Ave.
>Scottsdale, AZ 85234
>*Defendant Freebird Logistics, Inc.*
>
>Jeffrey K. Larsen
>5011 E. Bluefield Ave.
>Scottsdale, AZ 85234
>*Defendant Jeffrey Larsen*

/s/ *Christopher Bendau*