**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Stamper,<br><br>   Plaintiff,<br><br>v.<br><br>Freebird Logistics Incorporated, et al.,<br><br>   Defendants. | No. CV-22-00155-PHX-MTL<br><br>**ORDER** |

Plaintiff Gregory Stamper filed a Motion for Award of Attorneys' Fees pursuant to LRCiv 54.2(b)(2) and 29 U.S.C. § 216(b). (Doc. 15 at 1.) For the following reasoning, the Court grants the motion.[1]

**I.   BACKGROUND**

The Court previously set forth the factual background of this case. (*See* Doc. 13.) From approximately September 20, 2021 to September 28, 2021, Stamper worked as a driver and driver's helper for Freebird Logistics Inc. ("Freebird") and Jeffrey Larson, Jane Doe Larson, Kurt Larson, and Jane Doe Larsen II, the owners of Freebird (collectively, the "Defendants"). (Doc. 1 at 3-7.) In January 2022, Stamper filed his complaint seeking relief for unpaid wages, overtime wages and minimum wages. (Doc. 1 at 1.) He alleged that Defendants failed to pay him any wages for the time spent working at Freebird. (*Id.* at 7.) Plaintiff served Freebird and Jeffrey Larson on February 9, 2022. (Docs. 6, 7.) Larsen and Freebird failed to respond. Upon Stamper's application (Doc. 9), the Clerk of the Court

---

[1] Dallis Meiering, a third-year law student at the Sandra Day O'Connor College of Law at Arizona State University, assisted in drafting this Order.

entered default against Larsen and Freebird. (Doc. 10.) Plaintiff subsequently moved for default judgment. (Doc. 11.) Once again, Defendants did not respond. Accordingly, the Court granted Plaintiff's Motion for Default Judgment (Doc. 13) and entered judgment in favor of the Plaintiff. (*Id.* at 4-10). Subsequently, Plaintiff filed this Motion for Award of Attorneys' Fees totaling $7,355.75. This request includes $4,620.00 for Plaintiff's attorney Christopher Bendau's ("Counsel") billed hours, $735.75 for filing fees and service costs, and $2,000.00 for anticipated costs incurred in collecting on the judgment. (Doc. 15 at 5, 6; Doc. 15-5 at 2-8.)

## II.   LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") requires that, upon application, the Court award the prevailing party reasonable attorneys' fees.[2] 29 U.S.C. § 216(b). Before the Court awards attorneys' fees, it must determine the prevailing party and if the fees are reasonable. LRCiv 54.2(c); *see, e.g.*, *McGlothlin v. ASI Capital Ventures LLC*, No. CV-19-04895-PHX-DJH, 2021 WL 857367, at *1 (D. Ariz. Mar. 8, 2021) ("A party seeking an award of attorney's fees must show it is eligible and entitled to an award, and that the amount sought is reasonable. . . . To be entitled to an award, Plaintiff must have prevailed in this matter.").

To determine the reasonableness of a requested award of attorneys' fees, the Court uses the "loadstar" approach. *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022); *see also Pelayo v. Platinum Limousine Servs., Inc.*, 804 Fed. Appx. 522, 524 (9th Cir. 2020). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe*, 2022 WL 508841, at *1 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). The Court may adjust the lodestar amount to account for the *Kerr* factors. *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 485 (D. Ariz. 2019). Those factors include:

---

[2] The Court notes that Plaintiffs also asserted that they are owed reasonable attorneys' fees under Arizona law. The Court finds the FLSA provides a sufficient basis to award attorneys' fees.

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3).

### III.   DISCUSSION

#### A. Eligibility for and Entitlement to Attorneys' Fees

For FLSA purposes, the prevailing party is the one that "succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)); *see also Haworth v. State of Nev.*, 56 F.3d 1048, 1052 (9th Cir. 1995) (applying the *Hensley* standard to an analysis of whether the plaintiff is the prevailing party in an FLSA case). Even where the mere filing of an action brings about the payment of unpaid ages, a plaintiff becomes the prevailing party for purposes of attorneys' fees award. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz. Aug. 18, 2013). Here, the Court granted the default judgment against Defendants for the wages sought. Thus, Plaintiff is eligible and entitled to receive reasonable attorneys' fees. *See* 29 U.S.C. § 216(b).

#### B. Reasonableness of Requested Attorneys' Fees

##### 1.   Time and Labor Required

Plaintiff requests an award of $7355.75. This request includes $4,620.00 for Counsel's billed hours, $735.75 for filing fees and service costs, and $2000.00 for anticipated costs to be incurred in collecting on the judgment. (Doc. 15 at 5, 6.) The Court must apply the loadstar approach to determine whether this request is reasonable. *Coe*, 2022 WL 508841, at *1. To calculate the loadstar amount, the Court considers whether the

requesting party expended a reasonable number of hours and if the requesting party billed those hours at a reasonable rate. *Id.* "The party seeking an award of attorneys' fees bears the burden of demonstrating that the rates requested are 'in line with the prevailing market rate of the relevant community.'" *Gary*, 398 F. Supp. 3d at 485 (quoting *Carson v. Billings Police Dept.*, 470 F.3d 889, at 891 (9th Cir. 2006)). "[T]he relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979.

Counsel charged $350.00 an hour. (Doc. 15 at 7.) The Court finds that this hourly fee is reasonable in the Phoenix legal market. *See e.g., Coe*, 2022 WL 508841, at *1 (awarding attorneys' fees at a rate of $378.75 per hour); *Mayweathers v. Iconic Results LLC*, No. CV-20-01216-PHX-DJH, 2020 WL 8181700, at *3 (D. Ariz. Nov. 10, 2020) (awarding attorneys' fees at a rate of $378.75 per hour, even though the case was "easy"); *Gualotuna v. Estrella Gymnastics LLC*, No. CV-16-00597-PHX-DLR, 2016 WL 8669298, at *2 (D. Ariz. Oct. 28, 2016) (awarding attorneys' fees for a twenty-year attorney and a three-year attorney at rates of $475 and $375 per hour respectively). The Court finds that Plaintiff has met his initial burden of demonstrating the reasonableness of Counsel's hourly rates.

Next, the Court must consider whether Counsel expended a reasonable number of hours. *Coe*, 2022 WL 508841, at *1. The Court excludes attorneys' fees for clerical and administrative tasks. *See Gary*, 398 F. Supp. 3d at 487. Counsel asserts this case required 13.2 hours of his time. (Doc. 15 at 7.) Upon review of Counsel's time sheet, the Court finds Counsel billed for clerical and administrative tasks. The Court therefore deducts the following hours:

> 0.1 hours on November 23, 2021 for "[s]end representation agreement."
> 0.2 hours on November 23, 2021 for "[r]eceive representation agreement, set up file."
> 0.1 hours on January 27, 2022 for "[f]ile case."
> 0.2 hours on January 28, 2022 for "[s]end documents to process server."
> 0.1 hours on March 9, 2022 for "[f]ile proofs of service."
> 0.1 hours on March 9, 2022 for "[f]ile application for entry of default."
> 0.1 hours on March 19, 2022 for "[f]ile motion for default judgment."

0.1 hours from the 1.0 time entry on July 27, 2022 for "[f]inalize, file motion for attorneys['] fees and costs."

(Doc. 15-5 at 2.) Accordingly, the Court finds 12.2 hours reflects the reasonable amount of time spent on the matter. The revised total amount of Counsel's fees is $4,270.00 (reflecting 12.2 hours billed at $350.00 an hour).

### 2. Novelty and Difficulty

The Court finds this case did not present any novel or difficult issues. *Verduzco v. Value Dental Centers Mesa W. AZ LLC*, No. CV-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding an Arizona minimum wage and overtime claim did not present any novel or difficult issues).

### 3. Requisite Skill

The Court finds it takes a "moderate amount of skill to litigate FLSA cases." *Id.* Counsel avers the legal issues raised by this FLSA action were "sophisticated and required extensive knowledge of the law," but also admits that the action had a "straightforward nature." (Doc. 15 at 7.) On balance, this constitutes a moderate amount of requisite skill.

### 4. Preclusion of Other Employment

Counsel avers that he was not "significantly" precluded from other employment because of this representation. (*Id.* at 8.)

### 5. Customary Fee

Counsel asserts that his hourly rate of $350.00 is reasonable. (*See id.* at 6, 7.) The Court agrees. *Grabda v. Innovative Manufacturing Solutions, Inc.*, 2022 WL 6680378, at *1 (D. Ariz. November 12, 2020) (determining that an hourly rate of $325 was reasonable for Christopher J. Bendau). The Court also agrees with Counsel that the increase from $325.00 to $350.00 is reasonable.

### 6. Experience, Reputation and Ability of the Attorneys

According to Counsel, his practice area remains exclusively within employment wage litigation, largely under the FLSA. (Doc. 15 at 10, 11.) He has practiced law since

2016 and litigated more than 150 employment suits. (*Id.*, Doc. 15-6 at 5.)

### 7. Fixed or Contingent Fee

Counsel worked on a contingency basis, requiring forty percent of the total recovery. (Doc. 15 at 8, Doc. 15-1 at 3.)

### 8. Time Limitations

Nothing indicates Plaintiff imposed time limitations on this matter. *See Pozez v. Ethanol Cap. Mgmt., LLC*, No. CV-07-00319-TUC-CKJ, 2013 WL 12095669, at *4 (D. Ariz. July 15, 2013) (granting plaintiff's attorneys' fees even where there were no time limitations imposed).

### 9. Amount Involved and Results Obtained

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983). Here, Plaintiff received $5,333.44 accounting for all his estimated unpaid wages. (Doc. 14 at 1.) The Court therefore finds Plaintiff obtained excellent results.

### 10. The Case's Undesirability

Counsel does not label this case as particularly undesirable, but notes the inherent risk involved with contingency fee cases. (Doc. 15 at 11.)

### 11. Nature and Length of Relationship with the Client

Before the case at hand, Counsel has not represented Plaintiff. (*Id.* at 11.) This case has been present on the Court's docket since January 2022.

### 12. Hourly Fees Awarded in Similar Cases

Plaintiff references a variety of cases for awards in actions of a similar nature. (*Id.* at 5, 11.); *see, e.g.*, *Grabda*, 2022 WL 6680378, at *1; *see also Gualotuna*, No. CV-16-00597-PHX-DLR, 2016 WL 8669298, at *2 (awarding attorneys' fees for a twenty-year attorney and a three-year attorney at rates of $475 and $375 per hour respectively).

### 13. Other Matters

Plaintiff requests $2,000.00 for anticipated costs and fees for collection efforts. Plaintiff does not offer any specific facts to substantiate these costs and fees but asserts

they are reasonable. (Doc. 15 at 13 (noting "Plaintiff and [Counsel] will likely need to pay fees and additional costs in their collection effort").) In doing so, Plaintiff cites distinguishable case law. *See Export Dev. Canada v. Patterson, Inc.*, 2008 WL 5205199, at *1 (D. Or. Dec. 11, 2008). In *Patterson*, the court awarded $2,000.00 for anticipated attorneys' fees for collection efforts because the defendant failed to make payments according to a settlement agreement the parties entered into following litigation. *Id.* Additionally, the defendant in that case did not respond to the plaintiff's subsequent complaint to enforce the settlement agreement. *Id.* Here, Plaintiff does not offer any evidence concerning the Defendant's financial status or that the Defendant may resist payment. *See Farm Credit of Nw. Fla., ACA v. R & B Const. of S. Alabama, Inc.*, No. CIVA 08-0439-WS-C, 2009 WL 4456340, at *5 n. 7 (S.D. Ala. Nov. 24, 2009) (noting a default judgment alone does not support finding a party may not respond to a judgment).

While Defendant has not responded to the present litigation, an award for collection efforts is too speculative. *See Akula v. Airbee Wireless, Inc.*, No. 1:08CV421(JCC), 2009 WL 122795, at *2 (E.D. Va. Jan. 14, 2009) (finding an award for anticipated attorneys' fees too speculative); *see also F.D.I.C. v. Thornton*, No. 3:12-CV-00218, 2014 WL 4174037, at *2-5 (M.D. Tenn. Aug. 20, 2014) (reasoning a plaintiff may be entitled to costs associated with anticipated collection efforts but denying the plaintiff's request for costs and fees where it did not explain its anticipated collection efforts). Other than stating Plaintiff "will likely" have fees and costs associated with the collection efforts, Plaintiff did not explain any efforts he plans to take. Under these circumstances, the costs and fees for collection efforts are too speculative. Although the Court finds that the speculative collection costs are unreasonable, this Order does not preclude Plaintiff from seeking collection costs and, for that matter, future attorneys' fees, should they be incurred.

On balance, the *Kerr* factors show that, subject to some deductions, Plaintiff's request is reasonable. Thus, the Court awards Plaintiff attorneys' fees of $4,270.00 and $737.75 in costs. The Court declines to award the request for $2,000.00 for anticipated collection efforts. The Court has itemized its reductions to Plaintiff's fee award in the

spreadsheets attached as Exhibit A to this Order. The Court awards Plaintiff a total sum of $5,007.75.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED granting** Plaintiffs' motion for attorneys' fees.  (Doc. 15.)

**IT IS FURTHER ORDERED** that the Defendant shall pay $5,007.75 in attorneys' fees within thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a notice of satisfaction within seven (7) days of receipt of the full amount of attorneys' fees as contemplated by this Order.

Dated this 23rd day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

| DATE | ATTY | RATE | TIME | ACTIVITY | Amount | Court's Ruling | Modified Hours | Modified Amount |
|---|---|---|---|---|---|---|---|---|
| 11/23/21 | CJB | $ 350 | 1.0 | Initial consultation with client | $ 350.00 | | 1.0 | $ 350.00 |
| 11/23/21 | CJB | $ 350 | 0.1 | Send representation agreement | $ 35.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 11/23/21 | CJB | $ 350 | 0.2 | Receive representation agreement, set up file | $ 70.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 11/23/21 | CJB | $ 350 | 0.1 | Communication w/ client re representation | $ 35.00 | | 0.1 | $ 35.00 |
| 11/23/21 | CJB | $ 350 | 0.5 | Research entities and ownership | $ 175.00 | | 0.5 | $ 175.00 |
| 1/26/22 | CJB | $ 350 | 0.3 | Discuss with CPB re: collective action or single Plaintiff | $ 105.00 | | 0.3 | $ 105.00 |
| 1/26/22 | CJB | $ 350 | 1.0 | Begin drafting complaint | $ 350.00 | | 1.0 | $ 350.00 |
| 1/27/22 | CJB | $ 350 | 0.6 | Communications with client via phone and text messag[es] re: facts and specific q's for complaint | $ 210.00 | | 0.6 | $ 210.00 |
| 1/27/22 | CJB | $ 350 | 0.6 | Finalize complaint and supporting documents | $ 210.00 | | 0.6 | $ 210.00 |
| 1/27/22 | CJB | $ 350 | 0.1 | File case | $ 35.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 1/27/22 | CJB | $ 350 | 0.1 | Review case opening documents | $ 35.00 | | 0.1 | $ 35.00 |
| 1/28/22 | CJB | $ 350 | 0.2 | Send documents to process server | $ 70.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 2/9/22 | CJB | $ 350 | 0.1 | Email thread with process server re service complete | $ 35.00 | | 0.1 | $ 35.00 |
| 2/9/22 | CJB | $ 350 | 0.1 | Texts with client re: service | $ 35.00 | | 0.1 | $ 35.00 |
| 2/28/22 | CJB | $ 350 | 0.2 | Tests with client re: text from Defendant offering to settle with client directly | $ 70.00 | | 0.2 | $ 70.00 |
| 3/9/22 | CJB | $ 350 | 0.1 | File proofs of service | $ 35.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 3/9/22 | CJB | $ 350 | 0.3 | Draft application for entry of default | $ 105.00 | | 0.3 | $ 105.00 |
| 3/9/22 | CJB | $ 350 | 0.1 | File application for entry of default | $ 35.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 3/10/22 | CJB | $ 350 | 0.1 | Review entry of default | $ 35.00 | | 0.1 | $ 35.00 |
| 3/17/22 | CJB | $ 350 | 2.5 | Draft motion for default judgment and supporting docs | $ 875.00 | | 2.5 | $ 875.00 |
| 3/18/22 | CJB | $ 350 | 0.1 | Send and receive executed declaration from client | $ 35.00 | | 0.1 | $ 35.00 |
| 3/18/22 | CJB | $ 350 | 0.3 | Finalize motion for default judgment and documents | $ 105.00 | | 0.3 | $ 105.00 |
| 3/18/22 | CJB | $ 350 | 0.1 | File motion for default judgment | $ 35.00 | Entry deducted. Clerical. | 0.0 | $ 0.00 |
| 5/13/22 | CJB | $ 350 | 0.1 | Review order of dismissal re: Kurt Larsen and Jane Doe Larsen II | $ 35.00 | | 0.1 | $ 35.00 |
| 6/28/22 | CJB | $ 350 | 0.3 | Review order granting motion for default judgment | $ 105.00 | | 0.3 | $ 105.00 |
| 6/28/22 | CJB | $ 350 | 0.1 | Review and save Clerk's default judgment | $ 35.00 | | 0.1 | $ 35.00 |
| 7/18/22 | CJB | $ 350 | 1.6 | Begin drafting motion for attorneys' fees and costs | $ 560.00 | | 1.6 | $ 560.00 |
| 7/21/22 | CJB | $ 350 | 1.2 | continue drafting motion for attorneys' fees and costs | $ 420.00 | | 1.2 | $ 420.00 |
| 7/21/22 | CJB | $ 350 | 0.1 | Text to client with status update | $ 35.00 | | 0.1 | $ 35.00 |
| 7/27/22 | CJB | $ 350 | 1.0 | Finalize, file motion for attorneys fees and costs | $ 350.00 | Entry reduced by 0.1 reflecting other filing entries. Clerical. | 0.9 | $ 315.00 |
| **TOTAL HRS** | | | **13.2** | **TOTAL FEES** | **$ 4,620.00** | | **12.2** | **$4,270.00** |
| | | | | | | | **TOTAL REVISED FEES** | **$4,270.00** |

| DATE | COSTS | | Amount | Court's Ruling | | Modified Amount |
|---|---|---|---|---|---|---|
| 1/14/2022 | Service Costs | | $335.75 | | | $335.75 |
| 1/27/2022 | Complaint filing fee | | $402.00 | | | $402.00 |
| Future | Anticipated costs of collecting on anticipated judgment | | $2,000.00 | Entry deducted. Cannot collect anticipated fees. | | $0.00 |
| | | **TOTAL COSTS** | **$ 737.75** | | | **$737.75** |
| | | | | | **TOTAL REVISED COSTS** | **$737.75** |

| | | |
|---|---|---|
| | **GRAND TOTAL** | **$5,007.75** |